The request to adjourn the initial case management conference *sine die*, currently scheduled for December 17, 2025, is **GRANTED.**

The proposed schedule for summary judgment motions is **ADOPTED.**

The request to waive the Local Rule 56.1 requirement is **DENIED.**

SO ORDERED.

_____
JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE
December 9, 2024

**BY ECF**
Honorable Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

Re:  *Zimmerman, et al. v. Banks, et al.*, 24-cv-7160 (GHW)(JW)

Dear Judge Willis:

      I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent Defendants in the above-referenced action. I write jointly with Plaintiff's counsel to respectfully request that Your Honor adjourn *sine die* the initial teleconference in this matter; permit the parties to rely on the certified administrative record (to be filed under seal) in lieu of formal discovery; endorse the parties' proposed schedule for summary judgment motions; and waive the Local Rule 56.1 requirement to set forth a statement of material facts in such motions.

      Plaintiff Rachel Zimmerman brings this action individually and as grandparent and natural guardian of H.W., a minor who has received special education services. *See* Complaint (Dkt. No. 1) at p. 5. Plaintiff filed an administrative proceeding concerning the 2023-24 extended school year (Impartial Hearing Case No. 250918), and the parties cross-appealed the Findings of Fact and Decision in that proceeding to New York State's Office of State Review ("SRO") (Case No. 24-107). *Id.* at pp. 8-10. On appeal, the SRO determined, *inter alia*, that although iBrain was an appropriate unilateral placement, certain services provided to H.W. were excessive and, accordingly, that the reimbursement award warranted modification. *Id.* at pp. 10-11. In this action, Plaintiff appeals and seeks reversal of the SRO decision as well as an award for direct funding of H.W.'s tuition, transportation, and related services at iBrain, together with reasonable attorneys' fees and costs in connection with this action and the underlying proceedings. *Id.* at pp. 13-14.

By Order dated November 19, 2024, Your Honor scheduled an Initial Case Management Telephone Conference for December 17, 2024, at 11:30 a.m. *See* Dkt. No. 18. The Order also described the parties' obligation to confer regarding discovery and to exchange initial disclosures pursuant to pursuant to Rule 26 of the Federal Rules of Civil Procedure; and it directed the parties to submit a Proposed Case Management Plan and Report of the Rule 26(f) Meeting. *Id.* The current deadline for initial disclosures and the aforementioned submission is December 10, 2024, one week before the scheduled conference. *Id.*

The parties have conferred, and they respectfully submit that formal discovery is not necessary in this matter. Because the central inquiry is the appropriateness of the SRO decision, not a dispute as to material facts, the parties intend to brief their respective motions for summary judgment in reliance solely on the certified record from the SRO proceeding, which they have obtained. The parties also respectfully submit that statements of undisputed material facts, generally required under Local Rule 56.1, are not necessary here. Finally, the parties respectfully submit that because they intend to proceed to motion practice, without intervening discovery, an initial conference also is not necessary. Instead, the parties respectfully propose the following schedule for their respective motions:

- **January 15, 2025:** Plaintiff's initial motion for summary judgment; Plaintiff to file a copy of the certified administrative record, under seal;
- **February 12, 2025:** Defendants' opposition and cross-motion, if any;
- **March 5, 2025:** Plaintiff's opposition and reply;
- **March 26, 2025:** Defendants' reply, if any.

Accordingly, the parties respectfully request that Your Honor adjourn *sine die* the initial teleconference in this matter; permit the parties to rely on the certified administrative record (to be filed under seal) in lieu of formal discovery, and waive the parties' obligation to submit a Proposed Case Management Plan and Report of the Rule 26(f) Meeting; endorse the parties' proposed schedule for summary judgment motions; and waive the Local Rule 56.1 requirement to set forth a statement of material facts in such motions.

Thank you for your consideration of these requests.

Respectfully,

/s/
Darian Alexander

CC:   BY ECF
      *all counsel of record*